## HOWLAND v. KRETER.

### No. 19,478; August 3, 1895.

#### 41 Pac. 332.

**Unlawful Detainer.**—Evidence introduced by defendant held sufficient to justify verdict.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by George D. Howland against Leonard Kreter. Judgment for defendant. Plaintiff appeals. Affirmed.

G. D. Howland for appellant; James Burdette for respondent.

BELCHER, C.—This is an action for unlawful detainer, and the facts which need be noticed are as follows: On March 23, 1893, plaintiff leased to defendant fifteen acres of land for a term commencing at the date of the lease and ending January 1, 1894. Covering about one-half of the leased land was an orchard of orange and other fruit trees. The lease contained a covenant on the part of defendant "to keep the orchard entirely free from weeds," and "to plant nothing in the orange orchard, and to allow nothing to grow within four feet of the other trees of the place," and that plaintiff might re-enter for default in any of the covenants. The rent to be paid by defendant for the whole term was $350, and the last installment thereof—$50 in amount—was paid by him to plaintiff on August 30, 1893. On the next day, August 31st, plaintiff served notice on defendant that he must perform the

covenants of his lease, and that he was "required to free the orchard entirely from weeds, and to stop the growing of anything that is now growing within four feet of the trees of the place, or deliver up possession of the said premises and appurtenances" to him. On September 5, 1893, plaintiff commenced this action, alleging, among other things, "that defendant has failed and neglected to keep the orchard on said premises free from weeds, but has allowed said orchard to become overrun with weeds, and the said orchard now is and at all times hereinafter mentioned was grown up to and overrun with weeds"; and "that defendant has failed and neglected to allow nothing to grow within four feet of the trees of the place, but did so plant squash seeds that the vines growing from said seeds have climbed to and are now growing in the tops of some of said trees, and at all times hereinafter mentioned were climbing upon and growing in said trees." And the prayer was for judgment declaring the lease forfeited, and awarding the plaintiff restitution and possession of the premises, with damages, etc. The answer denied all of the material averments of the complaint. The case was tried before a jury, and a verdict was returned in favor of defendant, on which judgment was entered. The plaintiff appeals from the judgment and from an order denying a new trial.

The appellant contends that the verdict was not justified by the evidence, and that errors in law were committed by the court in its rulings upon the admission of evidence, and in its instructions to the jury. It would subserve no useful purpose to state the numerous points made, or to enter into any lengthy discussion of them. The questions presented are of easy solution, and, in our opinion, it is enough to say that the evidence introduced by defendant was amply sufficient to justify the verdict; that the rulings upon the admission of the evidence objected to were proper; and that the instructions given to the jury stated the law applicable to the case correctly. The record discloses no prejudicial error, and the judgment and order appealed from should be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.